IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED NATIONAL INSURANCE
COMPANY,

        Plaintiff,

v.                                              Case No. 09-2514-CM-GLR

SECURITY PROPERTIES INVESTMENT,
INC., et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court upon the Joint Motion to Modify Initial Order Regarding Planning and Scheduling (doc. 73), filed by all parties, except defendant Stacy Sturdevant. The moving parties request the Court to extend the deadlines for their planning conference and for submission of their planning report and to continue the scheduling conference set for February 11, 2010. They prefer to wait until the Court rules on the pending motions for leave to file amended complaint and to add new party plaintiff (doc. 70) and to dismiss or to transfer to the Western District of Washington (docs. 45 & 60). After the motion was filed, the Court dismissed defendant United States of America from the case. *See* doc. 76.

The Court denies the motion for several reasons. First, Federal Rule of Civil Procedure 16(b)(2) provides that the scheduling order must issue "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." A review of the docket reveals that the defendants were served on October 9, 2009 and October 13, 2010. *See* Affidavits for Return of Service (docs. 6-16). The AIMCO Defendants filed their answer on November 2, 2009. *See* doc. 22. Thus, the time period for issuance of the scheduling order set forth in Rule 16(b)(2) is quickly approaching. On December

22, 2009, the Court entered its Initial Order Regarding Planning and Scheduling (doc. 58). That Order set a Scheduling Conference on February 11, 2010 with the parties' report of planning conference due on February 4, 2010.

Second, the Court finds the joint motion proposes to modify a scheduling order that the Court has not yet entered. For authority the motion cites Rule 16(b)(4), which indeed provides that a scheduling order may be modified "for good cause and with the judge's consent;" however, the Court cannot modify an order it has not yet issued.

Third, the Court finds that neither the pending motions to dismiss, nor a possible realignment of the parties, nor the possible transfer of the case to the Western District of Washington raises sufficient reason to defer the scheduling conference. If the case is transferred, the transferee court can modify the schedule to accommodate the needs of the parties.

Finally, the motion fails to adequately show a justification to delay the issuance of the scheduling order. This action seeks a declaratory judgment with respect to whether plaintiff has coverage under one or more policies of liability insurance, issued by the co-defendants, against another civil action pending in this Court. The case raises issues of law with regard to the construction of the alleged insurance policies and suggests the need for discovery to determine facts underlying the coverage issues. But the parties have not shown that they are unable to pursue a reasonable schedule for deadlines for discovery and other procedures.

In summary, the parties have provided no persuasive reason for the requested continuance. The policy underlying Rules 1 and 16 encourages an early scheduling order, not one to be deferred by dispositive or other motions. Parties and able counsel should be able to propose a reasonable schedule without delay.

IT IS THEREFORE ORDERED that the Joint Motion to Modify Initial Order Regarding

Planning and Scheduling (doc. 73) is denied, as set forth herein. The Telephone Scheduling Conference, set for **February 11, 2010 at 3:15 p.m. (CST),** and **February 4, 2010** deadline for submission of the parties' planning report, remain as previously set. The Court, however, on its own motion extends the Rule 26(f) deadline for the parties to confer to **February 3, 2010**.

Dated this 29th day of January 2010, at Kansas City, Kansas

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge