# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED NATIONAL INSURANCE COMPANY and KILN UNDERWRITING LIMITED,　　Plaintiffs,　v.　STACY STURDEVANT, AIMCO PROPERTIES, L.P., AIMCO-GP, INC., APARTMENT INVESTMENT AND MANAGEMENT COMPANY *dba as* AIMCO, NHPMN MANAGEMENT L.L.C., NHP MANAGEMENT COMPANY, CENTRAL PARK TOWERS II, L.P., and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,　　Defendants. | CIVIL ACTION　No. 09-2514-CM |

## MEMORANDUM AND ORDER

Plaintiffs United National Insurance Company and Kiln Underwriting Limited bring this action against defendants Stacy Sturdevant; AIMCO Properties, L.P.; AIMCO-GP, Inc.; Apartment Investment and Management Company, *doing business as* AIMCO; NHPMN Management L.L.C.; NHP Management Company; Central Park Towers II, L.P.; and Certain Underwriters at Lloyd's, London. The original Complaint included Security Properties, Inc. ("SPI") and Security Properties Investments, Inc. ("SPII") as defendants. On January 28, 2010, the parties stipulated to the filing of an amended complaint that dismissed several defendants including SPI and SPII.

Prior to being dismissed, SPI and SPII filed a Motion To Dismiss For Lack Of Personal Jurisdiction Or, In The Alternative, To Transfer Venue To The Western District Of Washington

-1-

(Doc. 45). Defendant Central Park Towers II, L.P. ("Central") filed a Motion To Transfer Venue To The Western District Of Washington (Doc. 60), incorporating the Statement of Facts, Arguments and Authority, and Exhibits in defendants SPI and SPII's motion to transfer. Because defendants SPI and SPII are no longer parties to this action, the court denies their motion as moot. However, the court will consider defendant Central's motion to transfer, including the incorporated portions of SPI and SPII's motion to transfer. For the following reasons, the court denies defendant Central's motion to transfer.

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The intent of § 1404(a) is to "place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515 (citing *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

When determining whether to transfer a case, the court must consider the following factors:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). The court bears in mind that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other. *KJC Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).

Defendant Central requests that the court transfer this case to the Western District of Washington, arguing that the following factors weigh in favor of transfer: location of witnesses and other proof, local interests, cost of litigation, and congestion of the Kansas courts. For the following reasons, the court finds defendant Central's arguments unpersuasive.

At this stage of the litigation, it is unclear whether Kansas or Washington law will apply, thus the local interests factor is neutral. Similarly, the parties have not identified which non-party witnesses are likely to testify. Many of the potential non-party witnesses reside in various states, including Kansas and Washington. Defendant Central has only identified three party witnesses that reside in Washington and those witnesses were identified by SPI and are SPI employees. SPI has been dismissed from this lawsuit and it is unclear whether those three individuals will be witnesses in this case. Further, defendant's registered office is in Topeka, Kansas—presumably Kansas will not be too inconvenient for its employees. Based on the record before it, the court finds that this factor is also neutral.

Defendant Central argues that the cost of litigation would be greater in Kansas because SPI is located in Washington. But again, SPI has been dismissed from this case, and thus, the court does not find this argument persuasive. Defendant Central points out that, in 2008, the median time

interval from the filing of a civil case to its dispostion was two months longer in the District of Kansas than in the Western District of Washington. This factor may weigh slightly in favor of transferring the case to Washington, but it is not enough to establish that Kansas is an inconvenient forum for the parties. Defendant Central's argument that SPI is a necessary party is also unpersuasive. The parties consented to the dismissal of SPI and SPII. Thus, the arguments regarding SPI and SPII do not support transfer to the Western District of Washington.

At this stage of the litigation, defendant Central has failed to establish that the potential costs and inconvenience of litigating this matter in Kansas significantly outweigh the potential costs and inconvenience of litigating this matter in the Western District of Washington. Without more evidence from defendant Central, the court will not disturb plaintiffs' legitimate choice of forum. Therefore, the court denies defendant Central's request to transfer this action to the Western District of Washington without prejudice.

**IT IS THEREFORE ORDERED** that defendants SPI and SPII's Motion To Dismiss For Lack Of Personal Jurisdiction Or, In The Alternative, To Transfer Venue To The Western District Of Washington (Doc. 45) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant Central Park Towers II, L.P.'s Motion To Transfer Venue To The Western District Of Washington (Doc. 60) is denied without prejudice.

Dated this 30th day of March 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**